IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ronald Wendell Porterfield,               )          C/A No. 0:14-927-TMC-PJG
                                          )
              Petitioner,                 )
                                          )
vs.                                       )          **REPORT AND RECOMMENDATION**
                                          )
Warden, *Lieber Correctional Institution*, )
                                          )
              Respondent.                 )
_____    )

     Petitioner Ronald Wendell Porterfield, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 27.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Porterfield was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 28.) Porterfield filed a response in opposition.[1] (ECF No. 33.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Porterfield's Petition denied.

## BACKGROUND

     Porterfield was indicted in April 2005 in Richland County for assault and battery with intent to kill (05-GS-40-6689) and kidnapping (05-GS-40-6687). (App. at 1293-1300, ECF No. 26-6 at 85-92.) Porterfield was represented by Lanelle Durant, Esquire, but moved to relieve his counsel

_____

    [1] Porterfield also filed an Amended Petition. (ECF No. 31.) In light of this amendment, the respondent supplemented his return (ECF No. 32), and Porterfield filed an additional memorandum in response (ECF No. 34).



prior to trial. (App. at 18-26, ECF No. 26-1 at 20-32.) The circuit court granted Porterfield's motion and appointed Durant and April Sampson, Esquire, as standby counsel for Porterfield. (Id.) On July 11-19, 2005, Porterfield was tried before a jury and found guilty as charged. (App. at 1251, ECF No. 26-6 at 55.) The circuit court sentenced Porterfield to life imprisonment for each conviction. (App. at 1261, ECF No. 26-6 at 65.)

Porterfield timely appealed and was represented by Aileen P. Clare, Esquire, Appellate Defender, who filed an Anders[2] brief on Porterfield's behalf that presented the following questions:

> Did the trial court abuse its discretion by refusing to admit into evidence the victim's excited utterance to emergency room personnel immediately after the incident, which would have contradicted the state's allegations?

> Did the trial court abuse its discretion by refusing to allow appellant to impeach the complaining witness with evidence of her history of domestic abuse and false accusations?

(App. at 1333-45, ECF No. 26-6 at 125-37.) Porterfield filed a *pro se* response to the Anders brief in which he raised the following issues:

> 1)   Did the trial court abuse its discretion by refusing to admit into evidence the victims excited utterance to emergency room personnel immediately after the incident, which would have contradicted the states allegations?

> 2)   Did the trial court abuse its discretion by refusing to voir dire child witness [whose] testimony was inconsistent, and contradicted by victims excited testimony "if allowed in evidence", moreover, after appellant raises issue during pretrial, arguments against the testimony and presentment of child witness offered to the jury prior to the start of trial which should have caused the trial judge to have minor witness voir dire for competency witness #2?

---

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



3)    Did the trial court abuse its discretion by refusing to allow appellant to impeach the complaining witness with evidence of her history of domestic abuse and false accusations after testimony of complaining witness Sheila Porterfield remain heavy contradicted & inconsistent during cross-examination?

4)    Did the trial court abuse its discretion by refusing to grant appellants direct verdict motion against the kidnapping charge after evidence of the States own investigator/police officers witness admitted that nothing collected off the allege crime scene supported kidnapping charge which created [jury question] and appellants direct verdict motion challenging the facts that the State failed to prove the corpus delicti of kidnapping independently from the inconsistent testimony's of the State witness #1 & 2?

5)    Did the trial court abuse its discretion by refusing to enforce specific court room trial rulings that was in favor of appellant, who won objection against the State for offering improper information of prior bad acts unrelated to the specific charges on indictments where the State continued to elaborate on unrelated allege standoff incident with authorities well as, unrelated allege pending charges articulated by the solicitor implicating appellant while the prosecution cross-examine defense witness #6 Kawaski Bell?

6)    Did the trial court abuse its discretion by showing prejudice against appellant in favor of the State after admitting hearsay testimony's allegedly given to a second party witness #3 Mr. Nhan who was allowed by trial judge to have admitted into evidence over the won objection by appellant, in which appellant contested against the offering of the hearsay testimony?

7)    Did the trial court abuse its discretion by refusing to grant appellants direct verdict on confrontation clause after testimony of victim was admitted into evidence through way of testimony by witness #3 Mr. Nhan despite the victim not being presented during trial which creates confrontation clause and U.S. Constitutional 6th & 14th Amendment violations against the appellant during trial conviction?

8)    Did the trial court abuse its discretion by allowing the admission of the prosecution offering of the victim statement [testimony] while in return, rejecting appellants offering of the victim statement in the same fashion and form that the State offered, through a second party witness?

9)    Did the trial court abuse its discretion by not ordering for a mistrial after the State prosecutor [evidence] admits that the allege victims name was [Troy Steel] despite the indictments against appellant advocated that the allege



victim name was [Sirrone Glover] farthermore, appellants [assign] stand by counsel and State solicitors concealed the photograph of the allege person by the name of [Troy Steele] that was a totally differant person as the allege victim advocated in indictments which was greatly argued by appellant that constructed his defense surrounding such facts that was not expose until the jury started deliberating on the facts when upon, the concealing of evidence was exposed by appellant against his appointed stand by counsel and State prosecution that hinder appellant from establishing his case by obtaining and presenting such photograph to the jury?

10)   Did the trial court abuse its discretion by continueing trial of appellant after appellant raised United States Constitutional 14th Amendment violations during pretrial against the State for failing to provide appellant notice of the arrest warrant charges against him.  [Subject matter issue]

(ECF No. 26-10 (errors in original) (first alteration added); <u>see also</u> Supplement, ECF No. 26-11.)

On March 6, 2008, the South Carolina Court of Appeals filed an order dismissing Porterfield's appeal.  (<u>State v. Porterfield</u>, Op. No. 08-UP-144 (S.C. Ct. App. March 6, 2008); ECF No. 26-12.)

The remittitur was issued on May 4, 2006.  (ECF No. 19-10.)  Porterfield filed a petition for rehearing *en banc* (ECF No. 26-13), which was denied by the South Carolina Court of Appeals on April 18, 2008 (ECF Nos. 26-14 & 26-15).

Porterfield filed a petition for a writ of certiorari in the South Carolina Supreme Court on May 8, 2008 in which he raised the following issue:

1)   Did the trial court abuse its discretion by refuseing to admit into evidence the victims <u>excited utterance</u> to emergency room personnel immediately after the incident, which would have contradicted the States allegations?

(ECF No. 26-16) (errors and emphasis in original).  On August 22, 2008, the South Carolina Supreme Court denied Porterfield's petition.  (ECF No. 26-18.)  The remittitur was issued August 27, 2008.  (ECF No. 26-20.)



Porterfield filed a *pro se* application for post-conviction relief on January 28, 2009 ("2009 PCR") in which he raised the following claims:

(a)    Trial Judge abuse of discretion by refusing to allow defendant to present exculpatory and exoner[a]ting evidence.  Violation of [5th, 6th, and 14th Amendments of the] U.S. Constitution.

(b)    Ineffective assistance of appellate counsel[.]

(See Porterfield v. State of South Carolina, 09-CP-40-601; App. at 1301-14, ECF No. 26-6 at 93-106.)  The State filed a return.  (App. at 1315-30, ECF No. 26-6 at 107-22.)  On April 14, 2010, the PCR court held an evidentiary hearing at which Porterfield appeared and testified and was represented by Mark Schnee, Esquire.  By order filed August 25, 2010, the PCR judge denied and dismissed with prejudice Porterfield's PCR application.  (ECF No. 26-21.)

On appeal, Porterfield was represented by Mark Schnee, Esquire, who filed a petition for a writ of certiorari on Porterfield's behalf that presented the following questions:

1.    Did the court err in dismissing the application on the issue of ineffective assistance of appellate counsel based on the claim that appellate counsel filed an Anders brief and, therefore, did not provide Appellant with a fair opportunity to present appellate issues?

2.    Did the court err in dismissing the application on the issue of ineffective assistance of trial counsel based on the claim that trial counsel did not adequately investigate factual issues prior to trial?

(ECF No. 26-23.)  The State filed a return.  (ECF No. 26-24.)  On October 7, 2013, the South Carolina Court of Appeals issued an Order denying Porterfield's petition for a writ of certiorari.  (ECF No. 26-26.)  The remittitur was issued October 24, 2013.  (ECF No. 26-27.)  This action followed.

## FEDERAL HABEAS ISSUES

Porterfield's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:**  Trial court denied petitioner[']s constitutional rights under the Six/Fourtee[n]th Amendments by denying petitioner's compulsory process to obtain favorable witness, which witness was an expert witness.

(ECF No. 31-1 at 5.)  Porterfield also raises the following questions in his attachment to his petition:

    (1)    Are a shooting victim's statement identifying and describing his assailant and the circumstances of the shooting made in response to medical doctor's initial, evaluation upon arrival at the emergency room, obvious distress, bleeding in pain approximately 18 minutes after the shooting inherently reliable under the compulsory process, and hearsay exceptions 803(1)(2) in which the medical doctor or custodian should have been allowed to be called as an witness to testify to?

    (2)    Are the Petitioner's rights to effective assistance of counsel violated during the preparation of his trial after counsel fail to call and prepare doctor as a defense witness to exculpatory evidence?

    (3)    Are the Petitioner's rights to effective assistance of counsel violated base on claim that appellate counsel fail to brief on appeal the petitioner's rights to call potential doctor witness to testify at his trial?

    (4)    Were the Petitioner's right to counsel clearly and unequivocally waved voluntarily exercising his informed free will without express distrust, animosity or for such overbearing conduct by counsel?

(ECF No. 31-1 at 12) (errors in original).  In his amendment to his petition, Porterfield presents the

following additional question:

    (5)    Were the petitioner claims of being force to represent him self at state trial procedurally bared from federal court review after states collateral [P.C.R.] counsel failed to enforce a timely Rule (59 E) motion requesting specifically for a ruling on the issue?

(ECF No. 31 at 1) (errors and alterations in original).



**DISCUSSION**

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,



Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.**    **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.



D.    **Summary Judgment Motion**

1.    **Procedural Default**

The respondent first argues that parts two and four of Ground One in Porterfield's Amended Petition are procedurally barred from federal habeas review. In part two, Porterfield argues that trial counsel was ineffective in failing to call and prepare a doctor to present exculpatory evidence, and in part four, Porterfield appears to challenge whether he knowingly and intelligently waived his right to counsel during the trial. Porterfield does not appear to disagree that these claims are procedurally defaulted. However, Porterfield argues that his procedural default should be excused pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012). Specifically, Porterfield argues that PCR appellate counsel failed to appeal his claim in part two. Porterfield also argues that PCR counsel was ineffective in failing to file a Rule 59(e) motion with the PCR court to obtain a ruling on his claim in part four.[3]

Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at

---

[3] This argument is listed above as an independent claim—part five of Ground One—in his Amended Petition. However, to the extent that Porterfield is attempting to raise a freestanding claim of ineffective assistance of PCR counsel, such a claim is not cognizable on federal habeas review. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding that claims of error in state PCR proceedings are not cognizable on federal habeas review); see also 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Therefore, Porterfield is not entitled to federal habeas relief on such a claim.



initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315.

Neither of Porterfield's arguments satisfy the limited qualification established by Martinez. With regard to Porterfield's claim in part two of Ground One, ineffective assistance of PCR appellate counsel is not cause for default. Martinez, 132 S. Ct. at 1320 (explicitly stating that the "holding in this case does not concern attorney errors in other kinds of proceedings, including *appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts") (emphasis added); see also Johnson v. Warden of Broad River Corr., No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) ("Accordingly, because Johnson alleges only ineffective assistance of appellate postconviction counsel, his allegations do not constitute cause for his failure to exhaust under the limited exception in Martinez. Instead, his claims fall under the general Coleman rule that ineffective assistance of postconviction counsel cannot constitute cause for procedural default."); Cross v. Stevenson, No. 11-2874, 2013 WL 1207067, at * 3 (D.S.C. Mar. 25, 2013) ("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default.").  Although Porterfield argues that PCR counsel was ineffective in failing to preserve part four of Ground One, as stated above, in part four, Porterfield appears to challenge whether he knowingly and intelligently waived his right to counsel during the trial.  Even assuming such a claim could have been raised in Porterfield's PCR proceedings, Porterfield's attempt to apply Martinez to such a claim is misplaced. As indicated above, the Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of *ineffective assistance at trial*." Id. at 1315 (emphasis added).  Thus, Martinez does not aid

Porterfield in excusing his procedural default of a claim unrelated to ineffective assistance of trial counsel.

Therefore, the court finds that parts two and four of Ground One are procedurally barred from federal habeas review.[4]

**2.    Ground One(1)**

In Ground One(1) Porterfield argues that he was denied his right to compulsory process and that the trial court erred in not admitting the testimony or notes from one of the physicians, Dr. David Krusling, who treated the victim after the shooting. During the trial, Porterfield moved to introduce statements by the victim to the doctor, which Porterfield appeared to argue offered a different version of events than those presented by the State.[5] (App. at 601-05, 722-38, ECF No. 26-3 at 103-07, 224-40; see also ECF No. 26-9 at 1 (containing the relevant portion of the medical statement, which was submitted during the PCR hearing, that Porterfield sought to admit)). The trial court denied Porterfield's motions, indicating that it would not allow Porterfield to introduce either the testimony of the doctor or the notes that contained the statement because the statement Porterfield sought to introduce was inadmissible hearsay.

To the extent that Porterfield's claim rests on an argument that the trial court erred in not admitting the statements under Rule 803, SCRE, "[i]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state law questions." Estelle v. McGuire, 502 U.S.

---

[4] Even if these claims were not procedurally barred, for the reasons detailed in the respondent's return and memoranda in support of his motion for summary judgment, Porterfield would not be entitled to federal habeas relief. (See Respt.'s Return & Mem. Supp. Summ. J. at 30-34, 39-44, ECF No. 26 at 30-34, 39-44.)

[5] The court notes that the victim did not testify at the trial.



62, 67-68 (1991). Furthermore, "in considering federal habeas corpus issues involving state evidentiary rulings, 'we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.' " Barbe v. McBride, 521 F.3d 443, 452 (4th Cir. 2008) (quoting Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000)). Upon review of all of the filings in this matter and the record before the court, the court finds that Porterfield cannot demonstrate that the state trial court and appellate court misapplied clearly established federal law, or that the alleged evidentiary error, if there even was one, was so extreme as to deny Porterfield a constitutionally fair proceeding. Cf. Rule 803, SCRE. Thus, Porterfield cannot satisfy the standard in Barbe.

To the extent that Porterfield argues in this ground that he was denied his right to compulsory process, the respondent argues that Porterfield has failed to establish in state court there was such a denial. The Compulsory Process Clause of the Sixth Amendment provides that the accused shall enjoy the right "to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. However, "the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining *witnesses in his favor*.' " United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982) (emphasis in original and citation omitted). "In fact, a petitioner 'cannot establish a violation of his constitutional right to compulsory process merely by showing that [the court] deprived him of their testimony. He must at least make some plausible showing of how their testimony would have been both material and favorable to his defense.' " Daniels v. Lee, 316 F.3d 477, 489 (4th Cir. 2003) (alteration in original) (quoting Valenzuela-Bernal, 458 U.S. at 867). "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or



otherwise inadmissible under standard rules of evidence. The Compulsory Process Clause provides him with an effective weapon, but it is a weapon that cannot be used irresponsibly." <u>Taylor v. Illinois</u>, 484 U.S. 400, 410 (1988). Importantly, the defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." <u>Chambers v. Mississippi</u>, 410 U.S. 284, 302 (1973).

The court finds that Porterfield has failed to demonstrate that the trial court's denial of Porterfield's motions and the appellate court's decision to affirm Porterfield's conviction following <u>Anders</u> review was the result of an unreasonable determination of the facts or unreasonable application of clearly established federal law. Porterfield has not shown that he was denied the ability to subpoena the doctor in question or otherwise call the doctor as a witness. (<u>Cf.</u> App. at 729, ECF No. 26-3 at 231) (indicating that particular testimony from Dr. Krusling would not be admissible). Further, as indicated above, the trial court found under state law that the statement Porterfield wanted to have admitted through either the testimony of the doctor or through the introduction of the medical notes was inadmissible hearsay. Porterfield points to testimony of his standby counsel during his PCR hearing indicating that in her opinion that medical record was exculpatory evidence and that she would have tried to have the record admitted "under the hearsay exception and medical records to get him medical treatment." (App. at 1358, 1361, ECF No. 26-6 at 150, 153.) However, notwithstanding standby counsel's unsupported assertion, Porterfield has not demonstrated that the statement at issue was admissible under the South Carolina Rules of Evidence.[6] Accordingly, Porterfield cannot establish that he was denied compulsory process. <u>See</u>

---

[6] Moreover, as stated above, "[i]t is not the province of a federal habeas corpus court to reexamine state-court determinations on statelaw questions." <u>Estelle</u>, 502 U.S. at 67-68.



Taylor, 484 U.S. at 410; Chambers, 410 U.S. at 302. Therefore, Porterfield is not entitled to habeas relief on this ground.

**3.  Ground One(3)**

In this claim, Porterfield argues that appellate counsel was ineffective for failing to raise as an issue in his appellate brief that the trial court erred in not allowing Porterfield to call a doctor as a witness in his trial.

A defendant has a constitutional right to the effective assistance of appellate counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. In this case, Porterfield challenges appellate counsel's failure to raise specific issues, which would require him to demonstrate "that his counsel was objectively unreasonable in failing to . . . discover nonfrivolous issues and to file a merits brief raising them," and "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000) (citation omitted). With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.



The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d)." <u>Harrington</u>, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting <u>Strickland</u>'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult." <u>Id.</u> (quoting <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under <u>Strickland</u> and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." <u>Id.</u> (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard." <u>Id.</u>

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals. <u>See, e.g.</u>, <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the <u>Strickland</u> test in determining that no Sixth Amendment violation occurred.

As summarized by the PCR court, Porterfield testified at the PCR hearing that he had not met appellate counsel and that "he wanted certain issues presented for the appeal but that appellate



counsel informed him that the victim's statement was not preserved and could not be presented." Porterfield also stated that he filed a *pro se* response to appellate counsel's <u>Anders</u> brief to address these issues as he believed that appellate counsel was incorrect and that the victim statement issues were preserved. Porterfield believed that appellate counsel should have addressed those issues. (App. at 1408, ECF No. 26-6 at 200.)

In denying and dismissing Porterfield's application, the PCR court found that Porterfield's allegation of ineffective assistance of appellate counsel was without merit. Specifically, the PCR court reasonably held that Porterfield "failed to prove the deficient performance or prejudice on part of appellate counsel." (App. at 1413, ECF No. 26-6 at 205.) The PCR court further reasonably found that Porterfield

> has not shown the necessary prejudice to succeed on this claim. In this case, to establish prejudice Petitioner would have to show that the South Carolina Supreme Court would have found prejudicial error warranting reversal of his conviction and/or sentence if appellate counsel had not filed an <u>Anders</u> brief. He has failed to do so. The South Carolina Court of Appeals has held under <u>Anders</u>, . . . [t]he court . . . is obligated to conduct a "full examination" of the record to determine whether the appeal is "wholly frivolous" . . . . according to <u>Anders</u>, the reviewing court is obligated to make a full examination of the proceedings on its own. <u>See</u> <u>State v. Williams</u>, 305 S.C. 116, 406 S.E.2d 357 (1991). After such an examination, if the reviewing court agrees with the attorney, it may dismiss the appeal or proceed to a decision on the merits. <u>See</u> <u>Anders</u>. On the other hand, if the court disagrees with the attorney's analysis of the appeal, it must afford the defendant the assistance of counsel to argue the appeal. <u>Id.</u> at 744. The purpose of filing a brief under <u>Anders</u> is to ensure the merits of the appeal are not overlooked. The court has to conclude independently, regardless of counsel's conclusion, whether or not the appeal has merit before it can dismiss the appeal. <u>State v. McKennedy</u>, 559 S.E.2d 850, 854-855 (2002). The Applicant filed a pro se response to the <u>Anders</u> appeal, which was reviewed by the Court of Appeals and determined to be without merit. Consequently, the Appellate Court affirmed the Applicant's conviction and sentence as imposed by the trial court.

(App. at 1413-14, ECF No. 26-6 at 205-06.)  The PCR court further observed that the South Carolina Supreme Court has acknowledged that following <u>Anders</u> review the appellate court has already ruled on and agreed that there are no issues of arguable merit after a full examination of the record.  The PCR court explained that "for this Court to rule that appellate counsel's performance was deficient, this Court would have to implicitly overrule the appellate court's prior decision that the case had no issue of arguable merit, i.e. *vertical stare decisis*.  Nevertheless, the Applicant failed to satisfy his burden of proof and demonstrate that there were any issues of arguable merit and that appellate counsel was deficient for failing to brief those supposed issues."  (App. at 1415, ECF No. 26-6 at 207.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Porterfield cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  <u>See Williams</u>, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).  As observed by the <u>Harrington</u> court, "[t]he pivotal question is whether the state court's application of the <u>Strickland</u> standard was unreasonable.  This is different from asking whether defense counsel's performance fell below <u>Strickland</u>'s standard."  <u>Harrington</u>, 131 S. Ct. at 785.

In response to the respondent's motion for summary judgment, Porterfield reasserts his claim that trial counsel was ineffective in filing an <u>Anders</u> brief indicating that this appeal had no merit and that his issue regarding the victim statement and doctor witness was not preserved.  He also summarily asserts that had appellate counsel filed a merits brief, he would have prevailed. (ECF No. 33 at 20-30.)



Upon careful review of the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Porterfield has failed to establish that appellate counsel's actions were error, much less that they were objectively unreasonable such that it rendered her performance deficient. Additionally, Porterfield has failed to demonstrate that he was prejudiced and that, but for counsel's alleged errors, he would have prevailed on appeal. See Strickland, 466 U.S. at 694. Therefore, Porterfield has not shown that the PCR court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785. Accordingly, Porterfield is not entitled to federal habeas relief on Ground One(3).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 27) be granted and Porterfield's Petition denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 20, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).