IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ronald Wendell Porterfield, ) | |
| ) | C/A No. 0:14-927-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden, Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Before the court is Petitioner Ronald Wendell Porterfield's ("Porterfield") amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 31). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On January 20, 2015, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") recommending Respondent's Summary Judgment Motion (ECF Nos. 27 and 32) be granted and Petition be denied. (ECF No. 37). On February 6, 2015, Petitioner timely filed objections to the Report (ECF No. 39) and a motion for a certificate of appealability (ECF No. 40).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that

do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

The procedural history is set forth in detail in the Report. (Report at 1-5). Briefly, in April 2005 Petitioner was indicted for assault and battery with intent to kill and kidnaping. He was tried before a jury on July 11-19, 2005, convicted of both charges, and sentenced to life imprisonment for each offense. Although the trial court appointed standby counsel, Petitioner represented himself at trial. Petitioner filed a direct appeal and the South Carolina Court of Appeals affirmed the convictions. *State v. Potterfield*, Op. No. 08-UP-144 (S.C. Ct. App. March 6, 2008). The South Carolina Supreme Court denied his petition for a writ of certiorari. On January 28, 2009, Petitioner then filed an application for post-conviction relief ("PCR"). A hearing was held on April 14, 2010, and the PCR court denied Petitioner PCR on August 25, 2010. Petitioner appealed the denial of PCR and on October 7, 2013, the South Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari.

On March 17, 2014, Petitioner filed the instant Petition seeking habeas relief. In his Amended Petition, Petitioner raises the following issues, quoted verbatim:

> Ground One: Trial court denied Petitioners constitutional rights under the Six/Fourteeth Amendments by denying Petitioner's compulsory process to obtain favorable witness, which witness was an expert witness.
>
> (1) Are a shooting victim's statement identifying and describing his assailant and the circumstances of the shooting made in response to medical doctor's initial, evaluation upon arrival at the emergency room, obvious distress, bleeding in pain approximately 18 minutes after the shooting inherently reliable under the compulsory process, and hearsay exceptions 803(1)(2) in which the medical doctor or custodian should have been allowed to be called as an witness to testify to?

(2) Are the Petitioner's rights to effective assistance of counsel violated during the preparation of his trial after counsel fail to call and prepare doctor as a defense witness to exculpatory evidence?

(3) Are the Petitioner's rights to effective assistance of counsel violated base on claim that appellate counsel fail to brief on appeal the Petitioner's rights to call potential doctor witness to testify at his trial?

(4) Were the Petitioner's right to counsel clearly and unequivocally waved voluntarily exercising his informed free will without express distrust, animosity or for such overbearing conduct by counsel?

(5) Were the Petitioner claims of being force to represent him self at state trial procedurally bared from federal court review after states collateral [P.C.R.] counsel failed to enforce a timely Rule (59 E) motion requesting specifically for a ruling on the issue?

(ECF Nos. 31 at 1, 31-1 at 5, 12). The Magistrate Judge found that the issues raised in parts two and four of Ground One are procedurally barred and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), is inapplicable. (Report at 11-13). The Magistrate Judge found that the claim raised in part five of Ground One was not cognizable on federal habeas review. (Report at 11 n.3). And finally, the Magistrate Judge found that Petitioner was not entitled to habeas relief as to the claims raised in parts one and three of Ground One. (Report at 13-21).

Upon review, the court finds that many of Petitioner's objections are unrelated to the dispositive portions of the Magistrate Judge's Report, merely restate his claims, or are repetitive. The court, however, was able to glean two specific objections: 1) Petitioner contends that the Magistrate Judge erred in finding *Martinez* is inapplicable; and 2) Petitioner contends that the Magistrate Judge erred in finding his claim regarding the doctor's testimony was a state court determination of state law and not subject to review on habeas.

In his first objection, Petitioner contends that the Magistrate Judge erred in finding that his claim that trial counsel was ineffective for failing to call and prepare a doctor to present

3

exculpatory evidence was procedurally barred, and in finding that the holding in *Martinez v. Ryan,* ___ U.S. ___, 132 S.C.t 1309 (2012), is inapplicable.

Generally, a PCR attorney's ineffectiveness does not establish cause for a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). However, the Supreme Court recognized a narrow exception to this general rule in *Martinez* and held that, in certain circumstances, ineffective assistance of counsel in an initial PCR proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial.

Petitioner does not dispute that this issue was not raised in his PCR appeal. Instead, he contends that his PCR appellate counsel was ineffective for failing to raise it on appeal. However, ineffective assistance of PCR appellate counsel is not cause for default. *Martinez*, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); *Johnson v. Warden of Broad River Corr.*, 2013 WL 856731 at * 1 (4th Cir. Mar. 8, 2013). The Magistrate Judge is correct that the *Martinez* exception does not extend to PCR appellate counsel. Therefore, Petitioner has not demonstrated cause for not raising this issue on appeal, and therefore this ground is procedurally defaulted.[1]

Moreover, the Magistrate Judge noted that in part four, Petitioner appears to be challenging whether he knowingly and intelligently waived his right to counsel during the trial. (Report at 12). And pursuant to *Martinez,* ineffective assistance of counsel can establish cause on the procedural default only on a claim of ineffective assistance of trial counsel. *Id*. As the Magistrate Judge correctly noted, *Martinez* is a limited exception that applies to only claims of ineffective assistance of trial counsel. *See, e.g., Reilly v. Cartledge*, C/A No. 0:12-cv-3503-SB, 2014 WL 4656511, *8 (D.S.C. Sept. 17, 2014).

---

[1]Nor has Petitioner shown a miscarriage of justice. To do so, he must show that he is actually innocent. *See House v. Bell*, 547 U.S. 518, 536-37 (2006).

In his second objection, Petitioner contends that the Magistrate Judge erred in her recommendation regarding his claim that he was denied his right to compulsory process when the trial court refused to admit evidence from the physician who treated the victim after the shooting. The victim was treated at the hospital and the treating physician made the following notation in the history section of the victim's medical records: "The patient states he was walking to his girlfriend's house, someone asked him for a cigarette, he subsequently ended up dropping his money, and the next thing he knows he heard 3 gunshots."  (ECF No. 26-10 at 16).  Petitioner sought to introduce this evidence at trial, but the trial court found that it was inadmissible hearsay under the South Carolina Rules of Evidence.

To the extent the claim rests on an argument regarding the South Carolina Rules of Evidence, the Magistrate Judge noted that a state court's determination of a state law question is not a proper claim for habeas relief.  (Report at 13-14). The Magistrate Judge also addressed the claim as one alleging a violation of a constitutional right, compulsory process, and concluded that Petitioner failed to establish he was denied compulsory process.  (Report at 14-15). The Magistrate Judge noted that Petitioner failed to show that he could not have subpoenaed the doctor or called him as a witness. (Report at 15).   She also determined that Petitioner had failed to show that the evidence would have been admissible under the South Carolina Rules of Evidence. (Report at 15).

Here, the evidence was excluded on hearsay grounds. Petitioner contends that the evidence should have been admitted and that he never argued at trial that the evidence was admissible as an excited utterance pursuant to South Carolina Rule of Evidence 803.  He contends that this argument was made by his appellate counsel.  (Objections at 10, 14).  He states that, at trial, he raised this issue as a constitutional violation.  (Objections at 13).

5

As the Magistrate Judge noted, when considering federal habeas corpus claims involving state evidentiary rulings, the court does "not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding." *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000).

"It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented." *Spencer v. Murray*, 5 F.3d 758, 762 (4th Cir.1993) (internal quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (explaining that, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). "[S]tate . . . rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.' " *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (*quoting Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, (2011) (internal citation omitted)). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*.

In *Chambers v. Mississippi*, 410 U.S. 284 (1973), the defendant was convicted of murdering a police officer. At trial, he offered the testimony of three witnesses who heard another man admit to being the real killer. The trial court excluded the evidence on the ground that it was hearsay. The Supreme Court reversed Chambers' conviction, holding that the trial court unconstitutionally restricted Chambers's right to present witnesses in his own defense. The Court acknowledged the legitimacy of the hearsay rule as an important rule of evidence "designed

6

to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* at 302. But further held that "[i]n these circumstances, where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Id*. *Chambers* shows that "if the defendant tenders vital evidence the judge cannot refuse to admit it without giving a better reason [than] that it is hearsay." *Rivera v. Director, Dep't of Corrections*, 915 F.2d 280, 281-82 (7th Cir.1990).

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' " *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (*quoting California v. Trombetta*, 467 U.S. 479, 485 (1984)). The exclusion of evidence does not violate the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996) (*quoting Patterson v. New York*, 432 U.S. 197, 201-02 (1977)) (internal quotations omitted).

The Sixth Amendment provides, in part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defen[s]e." U.S. Const. amend VI. This right to compulsory process applies to state prosecutions through the Due Process Clause of the Fourteenth Amendment. *See Washington v. Texas*, 388 U.S. 14, 18 (1967). However, the right is not absolute - a defendant may not, via compulsory process, "secure the attendance and testimony of any and all witnesses," but must first "at least make some plausible showing of how their testimony would have been both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *see also United States v. Moussaoui*, 382 F.3d 453, 471 (2004) ("[A] defendant must demonstrate that the witness he desires to have produced would

7

testify 'in his favor.' ") (quoting U.S. Const. amend. VI).

Where a petitioner complains of the exclusion of evidence in support of his defense rather than the admission of evidence against him, a petitioner's challenge finds more solid constitutional ground. *See Watkins v. Meloy,* 95 F.3d 4, 6 (7th Cir. 1996) ("When a state keeps out evidence favorable to the criminal defendant or prevents him from cross-examining the prosecution's witnesses, it runs the risk of being found to have prevented him from defending himself or confronting the witnesses against him. . . . "). However, habeas relief is not warranted "unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding." *Burkett v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000) (citations omitted); *see also Chambers*, 410 U.S. at 302-03 (holding that erroneous exclusion of evidence amounts to constitutional error if it deprives the defendant of a fundamentally fair trial). Exculpatory evidence may be inconsequential to the outcome of the trial "if the State's other evidence is strong enough to sustain confidence in the verdict." *Smith v. Cain*, 132 S.Ct. 627, 630 (2012)(*citing United States v. Agurs*, 427 U.S. 97, 112-13 (1976)).

Reviewing the record, without deciding whether the statement or testimony was hearsay or should have been admitted under an exception, the court finds that Petitioner was not denied a fundamentally fair trial. Petitioner's sister and eleven-year-old nephew testified that Petitioner forced the victim from the apartment into the parking lot and then shot him. A pizza delivery man, Hy Nhan, who happened upon the scene immediately after the shooting and waited with the victim for an ambulance testified that the victim said that "Ronald "was the perpetrator. Four hours later when police were arresting Petitioner and after he had been place in the patrol car, Petitioner pulled out a pistol and threatened suicide. He and police were at a standoff for eight hours, until Petitioner fell asleep in the patrol car and the police could apprehend him. A ballistics expert testified that the bullets removed from the victim and the shell casings found at

the scene matched the pistol Petitioner had when he was arrested.

Petitioner testified at trial that on the day of the shooing, he and his sister returned from the store and entered the back door of the apratment. He testified he was carrying his niece who was asleep and he was laying her down on the couch when he heard the victim and another man outside of the front of the apartment arguing. He said that he heard three shots and then he saw his sister run into the apartment screaming and carrying a gun. He testified that she dropped the gun on the floor in front of him. He testified he picked up the gun because there were children around and he and his sister then ran out of the back door of the apartment. The court notes that while the statement in the medical records certainly sets forth a different set of facts surrounding the shooing, it does not identify the perpetrator as being someone other than Petitioner nor does it support Petitioner's version of the events. Accordingly, the court concludes that Petitioner has failed to establish that the evidence would have been in his favor. *See Moussaoui*, 382 F.3d at 471 ("[A] defendant must demonstrate that the witness he desires to have produced would testify 'in his favor.' ") (quoting U.S. Const. amend. VI). Moreover, even viewing this evidence as potentially exculpatory, the State's other evidence was strong enough to sustain confidence in the verdict. *Cain*, 132 S.Ct. at 630 .

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Accordingly, Petitioner's motion for a certificate of appealability (ECF No. 40) is **DENIED**; Respondent's Summary Judgment Motion (ECF No. 27) is **GRANTED**; and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

Anderson, South Carolina
March 23, 2015

## NOTICE OF RIGHT TO APPEAL

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.